# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ANTHONY A. GARCIA,

    Plaintiff,

vs.                                          Case No. 4:17cv207-WS/CAS

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, was granted in forma pauperis status, ECF No. 5, and has now paid the initial partial filing fee. ECF No. 7. He has also filed an amended complaint. ECF No. 6. Pursuant to 28 U.S.C. § 1915A, the amended complaint has been reviewed to determine if it is sufficient to state a claim.

Plaintiff's amended complaint alleges that he was sent to confinement in December 2016. ECF No. 6 at 3. He contends that the "Florida Department of Corrections was negligent and unprofessional in their duties to safeguard" his property, including his legal papers. *Id.* He

also claims the Department and Liberty Correctional Institution was negligent "by not keeping to time frame" of a state court and "has shown a pattern of negligence regarding any law work, motions, notices" and other legal documents. *Id.* at 4. Construed liberally, it appears that Plaintiff is claiming he was not provided with his property in time to meet court deadlines. *Id.*

The amended complaint is insufficient because Plaintiff seeks compensation "for his pain and suffering due to the Florida Department of Corrections not being able to get Plaintiff his time back to file Motion needed on a timely basis." ECF No. 6 at 5. A correctional facility, nor the Department of Corrections, is a "person" that may be sued under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989). Furthermore, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Alabama, 916 F.2d 1521, 1524 (11th Cir. 1990). Plaintiff's amended complaint does not name any individual person who he believes violates his rights and, thus, dismissal is appropriate.

To the degree Plaintiff would seek to file an second amended complaint to name a person, such an amendment would be futile because Plaintiff has alleged nothing more than negligence. The Supreme Court has unequivocally held that a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983. County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986). Thus, even if Plaintiff had named individual correctional officers as Defendants, the amended complaint would still be deficient because it asserts only claims for negligence.

It is respectfully **RECOMMENDED** that the amended complaint, ECF No. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 8, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).** <u>**Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**</u> **If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**